

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-30-2008

# Rose v. York Cty PA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2610

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Rose v. York Cty PA" (2008). *2008 Decisions*. Paper 1659.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1659

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-2610

———————

JAMES E. ROSE, JR.,
a/k/a Jason Roman,
                                        Appellant

v.

COUNTY OF YORK;
CITY OF YORK, PENNSYLVANIA;
COUNTY OF LEHIGH; SCOTT ROHRBAUGH

———————————————————————————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 05-cv-5820
(Honorable Mary A. McLaughlin)

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 28, 2008
Before:  SCIRICA, Chief Judge, HARDIMAN and ALDISERT, Circuit Judges.

(Filed January 30, 2008)

———————

OPINION OF THE COURT

———————

PER CURIAM.

Appellant, James Rose, appeals from the District Court's orders granting

Appellees' motions to dismiss.  For the reasons that follow, we will affirm.

On November 4, 2005, Appellant filed a complaint alleging that Appellees conspired to violate his civil rights and interfered with his attempts to obtain custody of his daughter. After he amended his complaint, Appellees filed a motion to dismiss, which the District Court granted in part on January 16, 2007. The District Court's January 16, 2007 order dismissed Appellant's claims against the County of York and the City of York with prejudice. The District Court permitted Appellant to again amend his complaint to add factual support for two claims against the County of Lehigh. Appellant filed a second amended complaint. Lehigh County filed a motion to dismiss, and on April 26, 2007, the District Court entered an order dismissing Appellant's second amended complaint.

The factual allegations in Appellant's voluminous second amended complaint are summarized as follows: In the summer of 2000, Jessica Lowrey ("Lowrey"), the mother of the Appellant's child, called the Salisbury township police and claimed that both she and the child were imprisoned at Appellant's home. After the incident, Lowrey instituted a Protection from Abuse ("PFA") proceeding in Lehigh County, where the presiding judge entered a temporary order giving custody to Lowrey. A final PFA order, which affirmed the grant of custody to Lowrey, was entered on July 25, 2000.

Prior to the entry of the final PFA order, Appellant filed his own custody action. On October 23, 2001, Appellant filed a motion for a change of venue to York County, where Lowrey and the child resided, which was granted. Around this time, Lowrey convinced police from the City of York and York County to assist her in filing a false police report claiming that Appellant had sent Lowrey threatening letters in violation of

2

the final PFA order.  The City of York, knowing that the allegation was false, nonetheless reported it to York County.  Appellant was charged with criminal contempt for sending the letters, and pleaded guilty after he was threatened by the York County District Attorney with additional charges of criminal contempt if he did not do so.

Thereafter, in November of 2001, when Appellant arrived at the York County courthouse for a custody hearing, he was detained by Scott Rohrbaugh, a York County detective, who falsely accused him of carrying weapons in his trunk.

On January 22, 2002, the Honorable Richard K. Renn of the York County Court of Common Pleas granted sole custody to Lowrey. On January 25, 2002, Appellant filed a custody complaint in the Lehigh County Family Court.  From February 2002 until April 2006, Lehigh County has entered various visitation orders concerning Appellant and Lowrey's custody of the child.

Based of the foregoing facts, Appellant asserts the following violations of his civil rights: (1) Judge Renn's order violated Appellant's procedural due process; and, thus, violated Appellant's right to raise his child; (2) Judge Renn's order was a violation of the Fourth Amendment; (3) Appellant's indictment for contempt violated his right to freedom of speech under the First Amendment; (4) the orders entered in both counties and the ongoing campaign of harassment that resulted in Appellant's contempt conviction were motivated by racism in violation of the Equal Protection Clause; (5) Appellees' ongoing conspiracy; and (6) Salisbury police department's unlawful removal of Appellant's child from his home in violation of the Fourth Amendment.  The District Court dismissed

3

Appellant's complaint on several alternative grounds, including Appellant's failure to file the complaint within the applicable limitation period. Appellant filed a timely appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's dismissal of claims on statute of limitation grounds. Lake v. Arnold, 232 F.3d 360, 365 (3d Cir. 2000).

Appellees argue that Appellant's claims are barred by the two-year limitation period. We agree. Appellant filed his complaint pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985. Because Appellant's cause of action originated in Pennsylvania, Appellant's claims are subject to Pennsylvania's two-year limitation period governing personal injury causes of action. Lake, 232 F.3d at 368-69. The factual basis for Appellant's complaint arises out of incidents that occurred from July 2000 until January 2002. Appellant did not file his complaint until November 2005, beyond the expiration of the limitation period.

Appellant argues, however, that Appellees' continuing violations of his civil rights extends the applicable limitation period. More specifically, Appellant asserts that "[t]he damages resulting from Judge Renn's order are still being enforced on the Plaintiff. The Lehigh County Court continues to enforce Judge Renn's order, not with the same intensity, but with the same effect. Therefore, the orders issued by Lehigh County are racially motivated and racially biased." (Appellant's Second. Am. Compl. # 58). We disagree.

4

First, Appellant fails to identify, and we are unable to locate, any case in which we have applied the continuing violations theory in this context. Second, even if we were to apply the continuing violations theory in this context, Appellant fails to allege how Lehigh County's "enforcement" of Judge Renn's order is, in and of itself, a violation of Appellant's civil rights. We have held that "[t]he application of the continuing violations theory may be appropriate in cases in which a plaintiff can demonstrate that the defendant's allegedly wrongful conduct was part of a practice or pattern of conduct in which he engaged both without and within the limitations period." McAleese v. Brennan, 483 F.3d 206, 218 (3d Cir. 2007). "[A] continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." Cowell v. Palmer Twp., 263 F.3d 286, 293 (3d Cir. 2001) (quotation omitted). Here, Appellant's asserted continuing violations arise from the ill effects of the original alleged violation (Judge Renn's order) and not from the unlawful acts of Lehigh County. At the time Lehigh County "enforced" Judge Renn's order, the order was a valid enforceable order. Accordingly, Lehigh County's mere "enforcement" of the order, without more, cannot constitute a continuing violation.

For the foregoing reasons, we will affirm the orders of the District Court.